UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JOSEPH DION FLOWERS,**<br><br>Plaintiff,<br><br>vs.<br><br>**VASILIS POZIOS, ANGELA ZEILINGER, M. ENSING, CLARK, DR. CHRISTIAN, and A. DOUGLAS,**<br><br>Defendants. | **2:25-CV-12960-TGB-CI**<br><br>HON. TERRENCE G. BERG<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTION (ECF NO. 21),**<br><br>**ADOPTING REPORT AND RECOMMENDATION (ECF NO. 11)**<br><br>**AND DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (ECF NO. 9)** |

Plaintiff Joseph Dion Flowers, proceeding pro se, brought this lawsuit against several alleged Michigan Department of Corrections and/or contractual healthcare providers, as well as the warden of MDOC's Saginaw Correctional Facility ("SRF") in Freeland, Michigan, all in their individual and official capacities, arising out of his incarceration at SRF. Flowers complains that he is being forced to take medication and participate in mental health services in violation of his rights under the Eighth and Fourteenth Amendments. ECF No. 1.

This matter is before the Court on Flower's October 24, 2025 Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. 9, which was filed before the Defendants received service of process of

this lawsuit. The Court referred this case to Magistrate Judge Curtis Ivy for all pretrial proceedings. ECF No. 10. On November 10, 2025, Magistrate Judge Ivy issued a Report and Recommendation recommending that Flowers' motion for injunctive relief be denied. ECF No. 11. Flowers filed an objection to Magistrate Judge Ivy's Report and Recommendation, ECF No. 21, to which two Defendants—Vasilis Pozios, M.D. and Susan Clark, N.P.—responded. ECF No. 26. Flowers filed a reply. ECF No. 36.

For the reasons that follow, Flowers' objections will be **OVERRULED**, Magistrate Judge Ivy's Report and Recommendation will be **ACCEPTED** and **ADOPTED**, and Flower's motion for Temporary Restraining Order and Preliminary Injunction will be **DENIED**.

## I.   BACKGROUND

Flowers filed this Complaint while under the custody of the Michigan Department of Corrections ("MDOC") at the Saginaw Correctional Facility ("SRF") in Freeland, Michigan. ECF No. 1, PageID.11. He names as Defendants: (1) Vasilis Pozios, psychiatrist; (2) Angela Zeilinger, psychologist; (3) M. Ensing, psychologist; (4) Clark, Telemed–medication person; (5) Christian, social worker; and (6) A. Douglas, warden, all in their individual and official capacities. *Id.* PageID.2–4. He claims that he is being forced to take medication and participate in mental health services. *Id.* PageID.9.

2

Flowers alleges that upon his arrival at SRF, he was seen by a "social worker named Christian," and when he told her he did not want to be involved with the mental health services, she stated that there was nothing she could do. *Id.* Flowers further alleges that he "spoke with" Zeilinger, Pozios, Ensing, Clark, and a Ms. Colman and told them he was not on any mental health medication prior to his incarceration, and asked "Why am I being forced to be on medication as well as being forced to see mental health care?" *Id.* He states he was told by someone that he "should not have come back to prison" and that the involuntary treatment is necessary because of "the nature of [Flowers'] crime" and his "history." *Id.* He alleges that he was "forced" to have a hearing regarding his mental health, but not allowed to present evidence or speak on his own behalf and could only present one witness. *Id.* He claims that the medications he is forced to take make him feel "sick and dizzy" and that if he refuses the medication, he will "be held down by force and given a shot." *Id.* Flowers contends that he and his family have "notified the warden" but have not received a response. *Id.* PageID.8.

Flowers alleges that the above conduct has violated his rights under the First, Fifth, Eighth, Fifteenth, Eighteenth, and Second Amendments to the United States Constitution, and he seeks equitable relief, $10 million in compensatory damages, and costs and legal fees. *Id.* PageID.5, 10.

3

On October 24, 2025, Flowers filed a Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI"). ECF No. 9. He claims that he is still subject to the involuntary treatment alleged in his Complaint and that the medication affects his ability to think and makes him dizzy, drowsy, and "wanting to vomit." *Id.* PageID.44–45. He claims his refusal to comply will result in a misconduct ticket and a forced injection. *Id.* He states that the medication makes it difficult for him to prepare for this case and affects his "fasting for this month in my religious practice." *Id.* PageID.46–47. Flowers states that Defendant Clark informed him that he would be placed on mental illness medication, and that he complained the forced treatment violated his rights. *Id.* PageID.46.

Magistrate Judge Ivy issued a Report and Recommendation recommending denying Flowers' ex parte motion for injunctive relief. ECF No. 11. He found that Flowers' motion suffered from fatal procedural defects, including failure to show that he will be subject to immediate and irreparable injury before Defendants can have an opportunity to respond to the motion. Magistrate Judge Ivy further found that Flowers' motion suffered from substantive defects, particularly because he fails to sufficiently allege that he has a likelihood of success on his claims.[1] He

---

[1]     The Magistrate Judge properly set forth the four factors courts assess when determining whether to grant either a TRO or preliminary injunction, and noted that the likelihood of success on the merits is often the predominant consideration. ECF No. 11, PageID.62–63. Indeed, the

4

noted that Flowers only argues that he has a likelihood of success on his Eighth Amendment deliberate indifference claim, but that he fails to show how Defendants Pozios, Zeilinger, Ensing, Clark, or Christian were personally involved in the alleged Eighth Amendment violation because there are no factual allegations that those Defendants were personally involved in Flowers' involuntary treatment apart from speaking with Flowers. The same can be said about Defendant Douglas, where Flowers only alleged that his family wrote to the warden's office about the alleged involuntary treatment and that the warden's office has not responded. Magistrate Judge Ivy found that Douglas could not be liable to Flowers based on a theory of respondeat superior based on his status as the warden. The Magistrate Judge further found that Flowers failed to state an Eighth Amendment deliberate indifference claim because his symptoms were not objectively serious and there is no basis to conclude that the Defendants recognized a substantial risk of harm and proceeded in disregard of that risk. Accordingly, Judge Ivy found that Flowers failed to show that he is likely to succeed on his Eighth Amendment claim and his motion for a TRO or preliminary injunction should be denied.

---

Sixth Circuit Court of Appeals recently reaffirmed that "[i]f the plaintiff has 'no likelihood of success on the merits,' there is nothing left to balance and the plaintiff's request for preliminary injunction must fail regardless of its showing on the other factors." *PCC Airfoils, LLC v. Daugherty*, 176 F.4th 509, 513 (6th Cir. 2026).

Flowers filed an objection to the Magistrate Judge's Report and Recommendation. ECF No. 21. He asserts nine objections. Defendants Pozios and Clark filed a response in opposition to Flowers' objections, ECF No. 26, and Flowers filed a reply in support of his objections. ECF No. 36.

## II.   LEGAL STANDARD

This Court must review *de novo* the parts of a Magistrate Judge's Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C). But the Court "need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party." *Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 452–53 (N.D. Ohio 2012) (*quoting Thomas v. Arn*, 474 U.S. 140, 150 (1985)). Failure to object waives further review of a district court's adoption of the report and recommendation. *Pfahler v. Nat'l Latex Prods. Co.*, 517 F.3d 816, 829 (6th Cir. 2007). General objections to a Magistrate Judge's determination "without explaining the source of the error" have "the same effect[ ] as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (explaining that general objections "waste[] judicial resources rather than sav[e] them," because they "effectively duplicate[ ]" the "functions of the district court … as both the magistrate and the district court perform identical tasks"). Similarly, "objections that merely restate arguments previously raised and considered [by the Magistrate Judge] do not require the Court to consider

them." *Young v. Jindal*, No. 21-12170, 2023 WL 8190689, at \*1 (E.D. Mich. Nov. 27, 2023) (Drain, J.); *see also Vasconez v. Langston Companies, Inc.*, No. 2:20-cv-02160, 2021 WL 3124959, at \*1 (W.D. Tenn. July 23, 2021) ("[W]here a party's objections are simply a repetition of the arguments he or she made to the magistrate judge, a *de novo* review is not warranted."). And, "[p]arties may not 'raise at the district court stage new arguments or issues that were not presented' before the magistrate judge's final R&R." *Lewis v. Sole Law, PLLC*, 629 F. Supp. 3d 731, 734 (E.D. Mich. 2022) (Ludington, J.) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)), *aff'd*, No. 22-1918, 2023 WL 11018147 (6th Cir. Nov. 17, 2023).

The district court will make a "*de novo* determination of those portions of the report ... to which objection is made." 28 U.S.C. § 636(b)(1)(C). "De novo" means that the court will consider the issues as if for the first time, without giving any particular deference to the prior opinion. "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* Where neither party objects to the report, the district court is not obligated to independently review the record. *See Thomas*, 474 U.S. at 149–52.

### III.  DISCUSSION

Flowers filed nine objections to the Report and Recommendation. ECF No. 21. As discussed below, many of Flowers' objections merely reassert arguments made in Flowers' motion for TRO and PI without identifying any specific determinations that the Magistrate Judge allegedly made in error, or without citing any legal authority to contradict the Magistrate Judge's conclusions. This is not the proper form or purpose of objections to a magistrate judge's report and recommendation. *See Brown v. City of Grand Rapids, Mich.,* No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) ("[A]n objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72.") (referring to *Howard*, 932 F.2d at 509). This is because general objections and reassertions of the same arguments already addressed by the magistrate judge do not focus the district court's attention "on any specific issues for review, thereby making the initial reference to the magistrate [judge] useless. The functions of the district court are effectively duplicated as both the magistrate [judge] and the district court perform identical tasks," and the "duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Zimmerman v. Cason,*

354 F. App'x 228, 230 (6th Cir. 2009) (quoting *Howard*, 932 F.2d at 509 (6th Cir. 1991).

The Court will review Flowers' nine objections in turn.

**A. Objection No. 1**

In Flowers' first objection, he objects to the "request for denial of [Flowers'] TRO, due to [Flowers] being a Pro se person," and argues that he believed the United States Marshal would serve the Defendants with "completed documents." ECF No. 21, PageID.114–15. This argument is irrelevant. The Magistrate Judge did not deny Flowers' motion because he is proceeding pro se, but rather accepted that he intended his motion to be filed *ex parte*. ECF No. 11, PageID.61. The Magistrate Judge recommended dismissal because of Flowers' failure to satisfy the procedural requirements under Fed. R. Civ. P. 65(b)(1) for a Temporary Restraining Order—Flowers needed to show he would be subject to immediate and irreparable injury before Defendants could respond, and to certify that he took efforts to give notice to Defendants and why such notice should not be required. Flowers did not do this. Judge Ivy also found that Flowers' motion should be denied because he failed to demonstrate a substantial likelihood of success on the merits of his Eighth Amendment claim—the only claim on which he has argued he has a likelihood of success. *Id.* PageID.64–74; ECF No. 9, PageID.51–54.

The Court agrees that Flowers has not demonstrated a substantial likelihood of success on his Eighth Amendment deliberate indifference

9

claim based on alleged forced medication. There is a recognized Eighth Amendment protection for prisoners against "deliberate indifference" to a serious medical need, but that indifference generally involves the failure to provide medical care. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In cases such as this, where the medical or prison personnel are allegedly treating a prisoner protesting the unwanted care, claims are generally unsuccessful. *Kramer v. Wilkerson*, 302 F. App'x 396, 401 (6th Cir. 2008) (concluding that an inmate's disagreement over the involuntary administration of lithium was not sufficient to violate the Eighth Amendment, even where the administration potentially posed a risk of kidney failure). To advance a viable Eighth Amendment claim for deliberate indifference related to unwanted medical treatment, a plaintiff must allege that he received "grossly inadequate care" and that the treatment provided was so medically unsound as to violate the law. *Kramer*, 302 F. App'x at 401 (citing *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 844–47 (6th Cir. 2002)). Grossly inadequate medical care is defined as medical treatment "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Terrance*, 286 F.3d at 844 (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1034 (11th Cir. 1989)). In contrast, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Estelle*, 429 U.S. at 105. "[A] complaint that a physician has been negligent in diagnosing

10

or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id*. at 106.

Flowers here fails to allege facts to demonstrate the provision of "grossly inadequate care" or that the treatment provided was so medically unsound as to be deemed unlawful. *See Kramer*, 302 F. App'x at 401. To the contrary, he alleges only that the unwanted medication is being administered as a result of a "misdiagnosis" and the harm he suffers from the side effects are dizziness, drowsiness, and wanting to vomit. These claims would not amount to the "grossly inadequate care" standard applied to these types of deliberate indifferent cases. *See id*. Moreover, as discussed *infra*, the Magistrate Judge also properly found that Flowers fails to allege how the Defendants were personally involved in the alleged Eighth Amendment violations.

Accordingly, the Magistrate Judge did not recommend denial of Flowers' motion "due to [Flowers] being a Pro se person," and his first objection will be **OVERRULED**. *McGibbon v. Stephenson*, No. 2:22-CV-12167, 2023 WL 8543146, at *3 (E.D. Mich. Dec. 11, 2023) (Drain, J.) ("[T]he Court will overrule Plaintiff's second objection because his arguments 'do not address the substance of the Magistrate Judge's report and recommendation and are irrelevant.'") (citation omitted); *Dodson v. United States*, No. 17-11472, 2019 WL 1034215, at *5 (E.D. Mich. Mar. 5,

2019) (Michelson, J.) ("This objection does not affect the Report's recommendation and will be overruled.").

**B. Objection No. 2**

Flowers next objects "to denial of the TRO for not naming Defendants as [MDOC] MHP or Contractual Health Personal[.]" ECF No. 21, PageID.115. However, the Magistrate Judge did not recommend denying Flowers' motion for failure to delineate whether Defendants were MDOC employees or contractual healthcare providers. He instead noted in a footnote in his Report that some of the Defendants are contractual healthcare workers and not employed by the MDOC, but that he would describe the Defendants in the same way as alleged in Flowers' Complaint. ECF No. 11, PageID.57 fn. 1. Accordingly, this second objection, like the one above, has nothing to do with the Magistrate Judge's decision to recommend denial of Flowers' motion, and it is therefore **OVERRULED** as irrelevant. *See McGibbon,* 2023 WL 8543146, at *3; *Dodson,* 2019 WL 1034215, at *5.

**C. Objection No. 3**

In his third objection, Flowers "objects to the denial of TRO because the exact [Defendant] was not named for the prescribing of medication," contending that he needs to "receive more evidence." ECF No. 21, PageID.115. Flowers fails to refer to the part of the Report and Recommendation he is objecting to, or how the Magistrate Judge erred. The Magistrate Judge stated that Flowers failed to show how Defendants

Pozios, Zeilinger, Ensing, Clark, or Christian were personally involved in the alleged violation of Flowers' Eighth Amendment rights. ECF No. 11, PageID.66–67. Flowers fails to point to any additional facts that were omitted by the Magistrate Judge nor does he provide any law in support of his objection. Moreover, Flowers' contention that he needs to "receive more evidence" is not persuasive, because "federal courts will not 'unlock the doors of discovery' for a fishing expedition based on a plaintiff's speculative assertions." *Changizi v. Dept. of Health and Human Servs.*, 82 F.4th 492, 498 (6th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). Where a party presents an objection that does "not specifically address how [a] report's factual and legal recommendations [are] incorrect," that objection is "waived." *Fields v. Lapeer 71-A Dist. Court Clerk*, 2 F. App'x 481, 482 (6th Cir. 2001).

The Court finds that Magistrate Judge Ivy accurately summarized Flowers' claims and the facts alleged in support of those claims. Accordingly, this objection will be **OVERRULED.**

### D. Objection No. 4

In Flowers' fourth objection, he objects to the denial of the TRO as to Defendants Christian, Clark, Zeilinger, Ensing, and Pozios. ECF No. 21, PageID.115–17. The Magistrate Judge accurately detailed Flowers' allegations as to these named Defendants, discussed where they were set forth in his Complaint and in his motion, and then concluded that Flowers failed to show how these Defendants were personally involved in

the alleged violation of his Eighth Amendment rights apart from speaking with Flowers. *See* ECF No. 11, PageID.58–60, 66–67. The Magistrate Judge stated "Plaintiff has only shown that he spoke with Defendants Pozios, Zeilinger, Ensing, Clark, and Christian. There is simply no basis for the undersigned to conclude that these Defendants recognized a substantial risk of harm and proceeded to disregard that risk." *Id.* PageID.73. Flowers does not identify any error in this analysis, and the Court finds none. "When suing an individual actor ... for constitutional violations under § 1983, a plaintiff must demonstrate that the actor 'directly participated' in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself." *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013). "[I]t is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Jack-Bey v. Michigan Dep't of Corr.*, No. 1:13CV131, 2014 WL 1255910, at *5 (W.D. Mich. Mar. 26, 2014) (emphases added) (*quoting Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis omitted)). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *see also Heyne*

14

*v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right … We must analyze separately whether [plaintiff] has stated a plausible constitutional violation by each individual defendant, and we cannot ascribe the acts of all Individual Defendants to each individual defendant.") (emphasis in original).

The Court further notes that any of the new facts or arguments Flowers asserts in his Objection—such as claims about the conduct of certain Defendants that were not presented in his Complaint or in his motion before the Magistrate Judge, for example that his rights as a Moorish American Muslim were violated and or that Pozios took certain actions later, in November and December 2025, after the Magistrate Judge issued his Report and Recommendation—those arguments are waived because they were never before the Magistrate Judge. *See The Glidden Co. v. Kinsella,* 386 F. App'x 535, 544 & n.2 (6th Cir. 2010) (declining to review an issue that the district judge did not consider because it was not presented to the magistrate judge); *United States v. Square,* 790 F. Supp. 2d 626, 632–33 (N.D. Ohio 2011) ("[T]he [Sixth Circuit] has indicated in several cases that a party's failure to raise an

15

argument before the magistrate judge constitutes a waiver.") (citations and internal quotation marks omitted).

The law is clear that "[a]bsent an indication of 'any special circumstances ... that would make reconsidering this general rule appropriate,' a Court need not consider an argument that [a party] failed to present to the magistrate judge." *Square*, 790 F. Supp. 2d at 633 (quoting *United States v. Ault*, No. 1:10cr20, 2011 WL 539710, at *2 (E.D. Tenn. Feb. 4, 2011)); *Childress v. Michalke*, No. 10-cv-11008, 2014 WL 3819347, at *3 (E.D. Mich. Aug. 4, 2014) (Goldsmith, J.) ("It is well established that a party may not raise an argument, advance a theory, or marshal evidence before a district judge that was not fairly presented to the magistrate judge. The Magistrates Act was not intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court."). Flowers points to no such special circumstances here. Accordingly, Flowers' fourth objection will be **OVERRULED**.

### E. Objection No. 5

Flowers' fifth objection asserts only that he needs a TRO against Defendants. ECF No. 21, PageID.117. He does not assert any specific objection to the Report and Recommendation, and this "objection" will be **OVERRULED.**

16

**F. Objection No. 6**

In Flowers' sixth objection, he objects to the denial of the TRO as to Defendant Douglas, the warden at SRF. ECF No. 21, PageID.117. However, he fails to state any specific objection to the Magistrate Judge's Report and Recommendation and instead simply reasserts the same allegations he made in his Complaint and in his motion—that he wrote to inform Douglas about the alleged involuntary treatment and that Douglas did not respond. *See id.* Magistrate Judge Ivy addressed Flowers' allegations regarding Defendant Douglas and found that Flowers failed to allege how Douglas was personally involved in Flowers' alleged involuntary treatment, and that Douglas cannot be held liable under § 1983 on a theory of supervisory liability based on his status as the warden. ECF No. 11, PageID.67–70. Flowers has not shown that this finding in in error. His objection therefore will be **OVERRULED**.

**G. Objection No. 7**

Flowers' seventh objection appears to contend that his religious beliefs were not respected, that he is a Moorish American Muslim, and that the alleged involuntary treatment goes against his religious principles. ECF No. 21, PageID.118. The Magistrate Judge recognized that Flowers "complains that the involuntary introduction of 'toxic medication' into his body interferes with his ability to fast 'this month' in accordance with his religious beliefs," but noted that Flowers "did not expand further on the nature of his religious beliefs" or "identify his

religion, the dates for which fasting is required, and how medical treatment—voluntary or involuntary—interferes with fasting." ECF No. 11, PageID.60 (citing Flowers' Motion, ECF No. 9, PageID.45), 64–65. Flowers' objection seeks to add arguments and facts that were not presented to the Magistrate Judge, and thus it will be **OVERRULED**. *See The Glidden Co.*, 386 F. App'x at 544 & n.2; *Square*, 790 F. Supp. 2d at 632–33; *Childress*, 2014 WL 3819347, at *3.

Moreover, even considering these additional allegations and arguments, Flowers still fails to identify each individual Defendant's alleged personal involvement in the alleged violation of his constitutional rights. As discussed *supra*, Flowers is therefore unlikely to succeed on his § 1983 claim against Defendants. *See Flagg*, 715 F.3d at 174; *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) ("Plaintiff must state a plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant."). Accordingly, this objection will be **OVERRULED** for this reason as well.

### H. Objection No. 8

In objection number 8, Flowers argues that his Eighth Amendment rights have been violated because he has been "misdiagnosed" and that "even a lay person could see that." ECF No. 21, PageID.118. An allegation of a "misdiagnosis" such as this may state a claim for medical malpractice but it does not state an Eighth Amendment claim. "Only 'deliberate

indifference' to serious medical needs will implicate the protections of the Eighth Amendment," and "[d]eliberate indifference is characterized by obduracy or wantonness—it cannot be predicated on negligence, inadvertence, or good faith error." *Reilly*, 680 F.3d at 624. An allegation of a "misdiagnosis" sounds in negligence or malpractice, not deliberate indifference, and thus fails to state a claim for a violation of Eighth Amendment rights. *Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir.2001) ("[A] plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment. When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation.") (internal citations omitted). Accordingly, Flowers' cannot show a likelihood of success on a claim that Defendants, collectively, violated his Eighth Amendment rights by "misdiagnosing" him with a mental illness. *See Weatherspoon v. George LNU*, No. 14-12789, 2016 WL 5939158, at 4 (E.D. Mich. July 19, 2016) (Grand, M.J.) ("Thus, at best, Weatherspoon has alleged that George misdiagnosed his mental illness

19

and gave him unnecessary medication. However, as a matter of law, negligence in diagnosing a medical condition does not constitute deliberate indifference[.]"), *adopted by* 2017 WL 928110 (E.D. Mich. Mar. 19, 2017) (Leitman, J.), *aff'd*, No. 17-1371, 2018 WL 11591215 (6th Cir. Nov. 8, 2018); *Antoine v. Mich. Dep't of Corrs.*, No. 1:14-cv-1309, 2015 WL 328653, at *6 (W.D. Mich. Jan. 23, 2015) ("At best, Plaintiff has alleged that mental-health providers, possibly including Bennett and Clark, misdiagnosed his mental illness and gave him unnecessary medication. Negligence in diagnosing a medical condition does not constitute deliberate indifference.").

Accordingly, this objection will be **OVERRULED**

### I.  Objection No. 9

Finally, in his ninth objection, Flowers states only "Plaintiff states[s]that Defendants are in violation of the Eig[h]th Amendment, Policy Directive 04.06.180, MCLS 330.1702, 220.1704, 330.1752, and the First Amendment." This general statement of claim is not a proper objection to the Magistrate Judge's Report and Recommendation, and will be **OVERRULED.**

### IV.   CONCLUSION

Accordingly, for the reasons stated above, Plaintiff's Objection, ECF No. 21, is **OVERRULED**.

The Court **FURTHER ORDERS** that Magistrate Judge Ivy's Report and Recommendation, ECF No. 11, is **ACCEPTED** and **ADOPTED.**

Finally, the Court **FURTHER ORDERS** that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 9, is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 25, 2026          /s/Terrence G. Berg
                              HON. TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE